IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BONTEY JUWOR,

    **Plaintiff,**

    v.                          CASE NO. 17-3218-SAC

LONI LARSON,

    **Defendant.**

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Response (Doc. 5) to the Court's February 9, 2018 Memorandum and Order and Order to Show Cause ("MOSC") (Doc. 3). The MOSC ordered Plaintiff to show cause why Plaintiff's Complaint (Doc. 1) should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to show good cause and his Complaint is dismissed for failure to state a claim.

Plaintiff alleges that on October 30, 2017, while he was housed at the Shawnee County Jail in Topeka, Kansas, he asked Correctional Officer Loni Larson why they were on lockdown every time she was working. Larson replied "not my monkey, not my jail." Plaintiff states that he was highly offended by Officer Larson's racially insensitive comment toward him. Plaintiff seeks $100,000 in damages.

The Court found in the MOSC that Plaintiff's claim is subject to dismissal because Plaintiff has not adequately alleged a federal constitutional violation. "Mere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alavarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005)

(citing *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992)); *see also McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) ("[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."); *Ragland v. Romer*, 73 F.3d 374 (10th Cir.), *cert. denied*, 518 U.S. 1025 (1996) ("Courts have consistently held that acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment."). Plaintiff's allegations do not suggest a show of deadly force, thus failing to create "terror of instant and unexpected death."

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff's response fails to address these deficiencies and merely states that Plaintiff suffered "emotional stress" due to the "racially insensitive comment." Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas on this 13th day of March, 2018.**

<u>S/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**